37 Ill.2d 423 (1967)
226 N.E.2d 606
ILLINOIS ASSOCIATION OF FIRE FIGHTERS, LOCAL 73, et al., Appellees,
v.
THE CITY OF WAUKEGAN, Appellant.
No. 40310.
Supreme Court of Illinois.
Opinion filed May 18, 1967.
*424 RUNYARD, BEHANNA, CONZELMAN, SCHULTZ & O'MEARA, of Waukegan, (MURRAY R. CONZELMAN, of counsel,) for appellant.
HARTNETT & CHRISTIAN, of Waukegan, (D. EDWARD CORCORAN, of counsel,) for appellees.
Judgment affirmed.
Mr. JUSTICE SCHAEFER delivered the opinion of the court:
This mandamus action against the city of Waukegan was brought by Local 73 of the Illinois Association of Fire Fighters, representing the firemen employed by the city of Waukegan, to compel the City to engage in nonbinding arbitration. The plaintiff relies upon sections 10-3-8 through 10-3-11 of the Municipal Code. (Ill. Rev. Stat. 1965, chap. 24, pars. 10-3-8 through 10-3-11.) Section 10-3-8 provides: "Whenever a dispute exists concerning wages, hours of labor, or conditions of employment of members of the fire department of any municipality with a population of 5,000 or more, a firemen's arbitration board shall be appointed as provided in Section 10-3-9." Section 10-3-9 sets out the procedure for appointing the board. Section 10-3-10 requires that the board conduct hearings, make findings and recommendations and report them to the corporate authorities and to any organization of firemen in the municipality. This section also provides that the recommendations are advisory only and not "binding upon the municipality or upon the members of the fire department." Section 10-3-11 states that "members of the fireman's arbitration board shall serve without compensation, *425 but the expenses of any hearings conducted by such board shall be borne by the municipality."
The city of Waukegan filed a motion to dismiss the complaint on the ground that the statute violates section 22 of article IV of the Illinois constitution and the fourteenth amendment to the constitution of the United States. The trial court denied the motion, the City stood by it, and judgment was entered directing the City to comply with the statute. The City appealed directly to this court.
The City does not challenge the classification based on population. Its only contention is that the statute makes an unreasonable, and therefore unconstitutional, classification of municipal employees in that it affords firemen an arbitration procedure not available to other municipal employees. Section 22 of article IV of the constitution states, in relevant part: "The general assembly shall not pass local or special laws in any of the following enumerated cases, * * * Granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever."
When a legislative classification is challenged as violating section 22, the "reasonableness and rationality of the classification" governs its validity. (Hutchings v. Kraject, 34 Ill.2d 379, 381.) Whether the legislative classification bears a "discernible relationship to the realities of life" is a significant consideration, (See Harvey v. Clyde Park Dist., 32 Ill.2d 60, 65; Lorton v. Brown County Community Unit School Dist. No. 1, 35 Ill.2d 362,) and "[a] distinction in legislation is not arbitrary if any state of facts can reasonably be conceived that would sustain it, * * *." Bagdonas v. Liberty Land and Investment Co., 309 Ill. 103, 110.
So measured, the challenged statute is constitutional. Statutes which make distinctions among public employees have frequently been sustained. Pensions for retired school teachers have been upheld against the challenge that they violated section 22 by providing to some employees an annuity *426 not available to others. (Krebs v. Board of Trustees of Teachers' Retirement System, 410 Ill. 435, 441.) The Civil Service Act was sustained against the charge that it discriminated against laborers by excluding them from its provisions requiring charges and a hearing as a condition to discharge. (People ex rel. Reilly v. City of Chicago, 337 Ill. 100.) A statute fixing minimum wages for firemen is valid. People ex rel. Moshier v. City of Springfield, 370 Ill. 541.
If the arbitration proceeding be regarded as "an alternative to the right to strike," as the City characterizes it, the statute is not thereby invalidated. The hazardous nature of the employment, and the vital interest of the public in prompt and adequate protection against fire have often been emphasized. (See, e.g., Hansen v. Raleigh, 391 Ill. 536.) "In the interest of the public, as well as themselves, firemen are entitled to receive adequate compensation for their services, commensurate with such hazards. Otherwise, few men would seek that avenue for a livelihood." People ex rel. Moshier v. City of Springfield, 370 Ill. 541, 546.
We are unable to say that the General Assembly's belief that the arbitration procedure it has provided will enhance the possibility of hiring and retaining firemen is unreasonable, or that it could not reasonably conclude that the need for such a procedure is greater in the case of firemen than other public employees. The constitutional provision here invoked was not intended to preclude legislative innovation or to prevent the gradual application of new techniques in the solution of governmental problems.
The City has apparently abandoned its contentions under the Federal constitution, and in any event what has been said adequately disposes of them.
The judgment of the circuit court of Lake County is affirmed.
Judgment affirmed.