(No. 37034.—

Mathias Walker, Jr., *et al.,* Appellants, *vs.* Forest Preserve District of Cook County, Appellee.

*Opinion filed March 25, 1963.—Rehearing denied May 29, 1963.*

Philip E. Ryan, of Chicago, (William J. Harte, of counsel,) for appellants.

J. Stirling Mortimer, Donald N. Berchem and Lawrence F. Murphy, all of Chicago, for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

Three actions were brought in the superior court of Cook County against the Forest Preserve District of that county, each seeking damages for personal injuries sustained at a swimming pool maintained by the district. Each plaintiff was seriously injured when he dove into shallow water, striking his head on the bottom. In each case it was alleged that the pool was unmarked as to depth and was otherwise dangerously constructed and maintained. Each complaint, in separate counts, sought recovery on a theory of negligence and also on a theory of nuisance.

The first action, brought by Mathias Walker, Jr., in 1956, alleges injuries sustained June 25, 1950. The next plaintiff, John E. Moore, Jr., filed his complaint on June 1, 1959, alleging injuries incurred July 21, 1957. The third suit, brought on behalf of Ralph Van Cure, a minor, was begun on June 1, 1959. It alleged injuries suffered on August 8, 1958. Motions were made to dismiss on the ground of sovereign immunity. The cases were consolidated because of common questions of law, and the com-

plaint in each case was dismissed. Plaintiffs appeal. The appeal comes to this court because the superior court found to be constitutional an immunity statute enacted July 22, 1959. Ill. Rev. Stat. 1961, chap. 57½, par. 3a.

The statute declares that "No forest preserve district shall be liable for any injuries to the person or property or for the death of any person heretofore or hereafter caused by or resulting from the negligence of its agents, servants, officers or employees in the operation or maintenance of any property, equipment or facility under the jurisdiction, control or custody of the district, or otherwise occasioned by the acts or conduct of such officers or employees." The act was passed following our release, on May 22, 1959, of an opinion in *Molitor* v. *Kaneland Community Unit District,* 18 Ill.2d 11, whereby the sovereign immunity of municipal corporations in tort actions was abolished. We subsequently granted rehearing in the *Molitor* case, and by final opinion filed December 16, 1959, limited the rule announced therein to a prospective application only. Plaintiffs' first contention in the present cases is that the immunity statute, if construed to apply here, is void because of its retroactive feature. We think it is unnecessary to consider either its applicability or its constitutionality, since even in its absence liability would be precluded by the doctrine of sovereign immunity. (*List* v. *O'Connor,* 19 Ill.2d 337.) The legislation was adopted before the scope of the *Molitor* rule was defined on rehearing, and insofar as the act applied to injuries theretofore caused it sought to avoid what would have been the result of the decision on liability of park districts had the holding been left its normal operative effect. In view of the restricted "application" of the decision this feature of the statute is merely declaratory of the law otherwise in force.

It is next argued that the district was a municipal corporation performing a proprietary function, and that as such it was not entitled to sovereign immunity. There is no merit in the contention. In maintaining the swimming pool

the district was engaged in a governmental function rather than a proprietary one, and the fact that a fee was charged does not, as urged by the plaintiffs, work a change in its character. *Gebhardt* v. *Village of LaGrange Park,* 354 Ill. 234.

Plaintiffs claim the complaints state a cause of action for nuisance, both at common law and by virtue of a statute prescribing sanitary requirements for swimming pools the violation of which renders them subject to abatement as public nuisances. (Ill. Rev. Stat. 1961, chap. 111½, pars. 88 to 91.) It is then urged that an action for special damages based on nuisance constitutes an exception to the rule of sovereign immunity from tort liability. We cannot accept the argument. The reason for the doctrine of immunity rests on the duty owed by the municipality to the public and the supposition that liability would unduly impair the performance of its functions. (*Molitor* v. *Kaneland Community Unit District,* 18 Ill.2d 11, 22; *Gebhardt* v. *Village of LaGrange,* 354 Ill. 234.) Plaintiffs have not shown why this reason, if it is valid at all, is not equally so as to liability for damages on a nuisance theory, nor is the reason for limiting the *Molitor* rule to prospective operation any more applicable in the one case than in the other. We see no necessity for further complicating what remains of the doctrine by introducing highly technical distinctions between negligence and nuisance as bases of liability.

As a final contention plaintiffs argue that the Forest Preserve District did not "rely" on precedents of sovereign immunity, within the meaning of the reasons given in the *Molitor* opinion for restricting liability to cases arising out of future occurrence. It is further suggested that the district had collected large sums of money from admission fees prior to 1958, that the total has no doubt grown considerably in the ensuing years, that funds must therefore be available to satisfy any judgments that would be rendered, and that a denial of sovereign immunity in these cases "will neither

impair the public fund gained through taxes and appropriations, nor impress a burden on the local citizenry." We have considered all of the plaintiffs' arguments but find them to be without sufficient merit to justify further discussion.

The superior court properly dismissed the complaints, and the judgment in favor of defendant is therefore affirmed.

*Judgment affirmed.*