(No. 38581.—

WILLIAM HARVEY *et al.,* Appellants, *vs.* CLYDE PARK DISTRICT, Appellee.

*Opinion filed November 24, 1964.—Modified on denial of rehearing January 19, 1965.*

ROSENBERG & KOSIN, of Chicago, (ROBERT S. KOSIN, of counsel,) for appellants.

JOSEPH I. BULGER, of Chicago, for appellee.

DAVID S. KERWIN, RALPH PATTERSON, and KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, all of Chicago, (THOMAS M. THOMAS and THOMAS F. SCULLY, of counsel,) for *amicus curiae* Chicago Park District.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This action was instituted on behalf of William Harvey, a minor, to recover damages for injuries alleged to have been caused by the negligence of the defendant, Clyde Park District, in maintaining its playground facilities. The complaint alleged that as a result of defendant's negligence, the plaintiff was thrown to the ground while using a children's slide. The defendant moved to dismiss the complaint upon the ground that it was immune from liability by reason of section 12.1 of the Park District Code, which provides: "Any park district shall not be liable for any in-

juries to person or property, or for the death of any person heretofore or hereafter caused by or resulting from the negligence of its agents, servants, officers or employees in the operation or maintenance of any property, equipment or facility under the jurisdiction, control or custody of the park district, or otherwise occasioned by the acts or conduct of such agents, servants, officers or employees." Ill. Rev. Stat. 1963, chap. 105, par. 12.1-1.

The circuit court sustained the motion to dismiss and the plaintiff has appealed directly to this court, contending that the statute is unconstitutional because it is special legislation in violation of section 22 of article IV of the Constitution of Illinois, and also because it violates section 19 of article II of that Constitution, which provides: "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; * * *."

This court's decision in *Molitor v. Kaneland Community Unit District No. 302,* 18 Ill.2d 11, held that the school district was liable for damages arising from the negligent operation of a school bus. The reasons that prompted the court to reject the school district's claim of immunity in that case, however, applied equally to other areas of municipal immunity, and before and after the *Molitor* decision became final in December of 1959, the General Assembly enacted numerous statutes relating to municipal tort liability.

The legislation thus adopted established the following pattern: Forest preserves, park districts and the Chicago Park District are not liable for negligence. (Ill. Rev. Stat. 1963, chap. 57½, par. 3a, chap. 105, pars. 12.1—1, 333.2a.) There is no general provision granting immunity to municipalities—cities, villages and incorporated towns. The substance of earlier provisions relating to liability in specific situations has, however, been retained. Municipalities are liable for injuries caused by the negligent operation of

motor vehicles by firemen and volunteer firemen. Municipalities having a population in excess of 500,000 must completely indemnify policemen for their nonwilful torts; other municipalities must indemnify them to the extent of $50,000. Municipalities are liable for damage to property caused by the removal, destruction or vacation of a building as unsafe or unsanitary under certain circumstances. In specified cases municipalities having a population in excess of 5,000 are liable for damage occasioned by mob violence. (Ill. Rev. Stat. 1963, chap. 24, pars. 1—4—1 to 1—4—8.) The negligent tort liability of private schools and of school districts generally is limited to $10,000. (Ill. Rev. Stat. 1963, chap. 122, pars. 821-31.) The Board of Education of the City of Chicago, however, is required to insure its employees, thus apparently permitting unlimited recovery. (Ill. Rev. Stat. 1963, chap. 122, par. 34—18.1.) Counties are not liable for negligence; however, they must indemnify sheriffs and deputy sheriffs to the extent of $50,000, for losses occasioned by nonwilful torts. (Ill. Rev. Stat. 1963, chap. 34, par. 301.1.) The liability of county superintendents of highways is limited to $10,000. (Ill. Rev. Stat. 1963, chap. 121, pars. 381-87.) But township and district highway commissioners are fully liable for neglect of duty. (Ill. Rev. Stat. 1963, chap. 121, par. 6—402.) Drainage districts are liable for negligent torts, but the district commissioners are absolved of personal liability. (Ill. Rev. Stat. 1963, chap. 42, par. 4—40.) Counties, township and district highway commissioners, school districts, and townships are authorized to purchase liability insurance for their agents, employees and officers. (Ill. Rev. Stat. 1963, chap. 34, par. 429.7; chap. 121, par. 6—412.1; chap. 122, pars. 10—21.6, 10—22.3, 29—9; chap. 139, par. 39.24.) These governmental units are thus apparently given unrestricted freedom to determine for themselves whether or not they will be liable for their own negligence.

While the common-law doctrine of municipal immunity

from tort liability, as it had existed prior to the *Molitor case,* was judicially created, the sovereign immunity of the State has a constitutional basis. Section 26 of article IV of the constitution provides that "The state of Illinois shall never be made defendant in any court of law or equity." Nevertheless the General Assembly has, for practical purposes, eliminated the sovereign immunity of the State by granting jurisdiction to the court of claims over "All claims against the State for damages in cases sounding in tort, in respect of which claims the claimants would be entitled to redress against the State of Illinois, at law or in chancery, if the State were suable, * * * provided, that an award for damages in a case sounding in tort shall not exceed the sum of $25,000 to or for the benefit of any claimant. The defense that the State * * * is not liable for the negligence of its officers, agents, and employees in the course of their employment shall not be applicable to the hearing and determination of such claims." Ill. Rev. Stat. 1963, chap. 37, par. 439.8.

It is in the light of this statutory pattern that the plaintiff argues that the statute which purports to bar a recovery in this case violates the prohibition against special legislation contained in section 22 of article IV of the constitution of Illinois. That section provides: "The general assembly shall not pass local or special laws in any of the following enumerated cases * * * Granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever."

The determinative question under section 22 of article IV is whether the statutory classification is rational. (See *e.g. People ex rel. Adamowski* v. *Wilson,* 20 Ill.2d 568.) The circumstance that the alleged arbitrary discrimination results from a statutory pattern rather than from a single statute has not barred consideration of claims of violation of the equal protection clause of the 14th amendment to the Constitution of the United States, (*Gregg Dyeing Co.* v.

*Query,* 286 U.S. 472, 76 L. ed. 1232; *cf. McGowan v. Maryland,* 366 U.S. 420, 423-28, 6 L. ed. 2d 393; *Two Guys from Harrison-Allentown, Inc.* v. *McGinley,* 366 U.S. 582, 586-88, 6 L. ed. 2d 551; *Gallagher* v. *Crown Kosher Super Market,* 366 U.S. 617, 618-24, 6 L. ed. 2d 536,) and we see no reason why that circumstance should bar the plaintiff's claim of discrimination in this case. Nor is it significant that the quoted provision of section 22 of article IV has been held inapplicable to municipal corporations generally, and park districts in particular. (See *e.g. Kocsis* v. *Chicago Park District,* 362 Ill. 24.) For more is involved here than just the classification of governmental units. Those persons who are injured by the negligence of particular governmental units are also classified, and section 22 of article IV prohibits the granting of "special or exclusive" privileges to individuals. "This provision prevents the enlargement of the rights of one or more persons in discrimination against the rights of others." *Marallis* v. *City of Chicago,* 349 Ill. 422, 427.

Many of the activities that frequently give rise to tort liability are common to all governmental units. The operation of automobiles is an obvious example. From the perspective of the injured party, or from the point of view of ability to insure against liability for negligent operation, there is no reason why one who is injured by a park district truck should be barred from recovery, while one who is injured by a city or village truck is allowed to recover, and one injured by a school district truck is allowed to recover only within a prescribed limit. And to the extent that recovery is permitted or denied on an arbitrary basis, a special privilege is granted in violation of section 22 of article IV.

The situation in this case is not unlike that which was before this court in *Grasse* v. *Dealer's Transport Co.,* 412 Ill. 179. Section 29 of the Workmen's Compensation Act allowed a common law action by an employee who was injured by the negligence of a third party who was not bound

by the act, but prohibited such an action by an employee who was injured by the negligence of a third party who was bound by the act. The distinction between the two types of defendants was held insufficient to afford a rational basis of classification from the point of view of the injured person. The court said: "All employees entitled to compensation for injuries sustained in the course of their employment and caused by third persons are not treated alike. Those injured by third party tortfeasors bound by the act are not entitled to common-law damages from such persons, whereas those injured by third party tortfeasors not bound by the act are allowed to institute actions for damages. Both classes of injured employees may be entitled to compensation from their own employers, so that the amount of compensation, if any, received by the injured employee is not the basis for differentiation between the classes. Nor is there any basis for differentiation from the nature of the injuries sustained, or from the activity of the employee at the time of the injury, or from any other factor ordinarily related to an injured party's right to recover damages. The sole basis for differentiation, as far as the injured employee is concerned, is a fortuitous circumstance—whether the third party tort-feasor happens to be under the act.

"It is readily apparent that there is no rational difference between an employee injured in the course of his employment by a motorbus, and one injured by a farmer's truck. Each may sustain the same injuries, and be entitled to the same amount of compensation from their employers; neither had any control over the circumstances of their injuries, or the status of the party who hit them, yet in one case the statute authorizes the employee to recover damages from the third party, and in the other case the employee must be content with the amount of compensation he may be entitled to receive from his employer." 412 Ill. 179, 195-196.

So far as the present case is concerned, cities and villages, park districts, school districts and forest preserve dis-

tricts, as well as the State itself, all maintain recreational facilities that are available for public use. If the child involved in the present case had been injured on a slide negligently maintained in a park operated by a city or village there is no legislative impediment to full recovery. If the child had been injured on a slide negligently maintained by a school district, or by the sovereign State, limited recovery is permitted. But if the child had been injured on a slide negligently maintained by a forest preserve district, or, as was actually the case, by a park district, the legislature has barred recovery. In this pattern there is no discernible relationship to the realities of life. We hold, therefore, that the statute relied upon by the defendant is arbitrary, and unconstitutionally discriminates against the plaintiff.

From this decision it does not follow that no valid classifications for purposes of municipal tort liability are possible. On the contrary it is feasible, and it may be thought desirable, to classify in terms of types of municipal function, instead of classifying among different governmental agencies that perform the same function. Capacity to distribute some kinds of risks through insurance may be thought to be a relevant consideration. Under the Federal Tort Claims Act, which waives the sovereign immunity of the United States, there are numerous exceptions, perhaps the most important of which relates to discretionary acts. (28 U.S.C., sec. 2680.) The recent California legislation carves out numerous areas of nonliability, the most important of which also relates to discretionary acts. (See Cobey, The New California Tort Liability Statutes, 1 Harv. J. Legis. 16 (1964).) These illustrations do not exhaust the possibilities.

The judgment of the circuit court of Cook County is reversed, and the cause is remanded to that court with directions to overrule the motion to dismiss.

*Reversed and remanded, with directions.*