(No. 39565.—)

ELLA HUTCHINGS, Appellant, *vs.* DR. ANDREW KRAJECT
*et al.,* Appellees.

*Opinion filed March 24, 1966.*

WINELAND & TODD, of Flora, for appellant.

JACK E. HORSLEY and JOHN P. EWART, of CRAIG &
CRAIG, of Mattoon, (FRED H. KELLY, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This case challenges the constitutionality of a 1961
amendment to the Counties Act, (Ill. Rev. Stat. 1963, chap.
34, par. 301.1,) immunizing counties from liability for personal injuries, property damage and death caused by the
negligence of their agents.

Plaintiff, Ella Hutchings, filed this action against the

county of Richland, certain of its employees, and two surgeons, alleging negligence in that a surgical sponge was left in her chest following an operation in Richland Memorial Hospital, a hospital maintained and operated by the county. The circuit court of Richland County entered a final order dismissing the complaint as to the county with a finding that there was no just reason for delaying enforcement or appeal.

The ground for dismissal was the amendatory section reading, "No county shall be liable for any injuries to the person or to the property or for the death of any person heretofore or hereafter caused by or resulting from the negligence of its agents, servants, officers or employees in the operation or maintenance of any property, equipment or facility under the jurisdiction, control or custody of the county or otherwise occasioned by the acts or conduct of such agents, servants, officers or employees."

Plaintiff contends that the section is special legislation and violative of section 22 of article IV of our constitution, and she relies upon the recent decision in *Harvey* v. *Clyde Park District,* 32 Ill.2d 60. There, section 12.1 of the Park District Code, (Ill. Rev. Stat. 1963, chap. 105, par. 12.1,) which exempted park districts from tort liability in language practically identical with this county immunity statute, was held to be void as special legislation.

The county directs attention to such general principles as: the legislature has a wide range of discretion in making classifications, that one questioning its judgment has the burden of showing it to be clearly erroneous or its discretion arbitrarily abused, and that the legislature is not required to be scientific or logical in its classifications if the legislation operates equally on all persons in the class to which it applies even though another class is not treated the same; as exemplified by such cases as *People* v. *Warren,* 11 Ill.2d 420; *People* v. *Touhy,* 9 Ill.2d 462; *Hansen* v. *Raleigh,* 391 Ill. 536; *People* v. *Callicott,* 322 Ill. 390.

But, the real thrust of the county's argument is that involuntary local subdivisions established by the State without any vote or consent of the inhabitants, such as counties and townships, are quasi-corporations and may properly bear a different classification than municipal corporations, which exist by direct request or consent and for the advantage and convenience of the residents of the area.

A difference has been recognized between municipal corporations such as cities and villages and quasi-municipal corporations such as counties and townships, (see *e.g. County of Cook* v. *City of Chicago,* 311 Ill. 234, involving the application of city fire and building ordinances to the construction of a county jail,) but not in all areas. This truth may be illustrated from the general field with which we are dealing. In the landmark case of *People* v. *Deatherage,* 401 Ill. 25, it was held that the State could, with or without the consent of the inhabitants, not only hold, manage, and dispose of school facilities but could contract, expand, form, or even abolish a school district. While the legislature generally has adhered to a policy of not directly creating school districts, it has the right to do so. School districts are in this respect, therefore, in the same category as counties. Yet, in *Molitor* v. *Kaneland Community Unit District,* 18 Ill.2d 11, where the common-law doctrine of governmental immunity was abolished, it was stated that no logical distinction as to tort liability could be drawn between districts regardless of how created. The answer does not lie in the form of governmental unit, rather it must be based on the reasonableness and rationality of the classification. *People ex rel. Adamowski* v. *Wilson,* 20 Ill.2d 568.

Following the *Molitor* decision the General Assembly adopted numerous acts relative to municipal tort liability. The irregular pattern of statutory enactments was carefully traced in *Harvey* v. *Clyde Park District,* 32 Ill.2d 60. Briefly summarized, it appears that some units were immunized from tort liability, limited recovery was permitted

against others, some could make their own choice of liability by carrying insurance, and still others were left to face the implications inherent in *Molitor*.

We are of the opinion that the *Harvey* case is controlling. "Those persons who are injured by the negligence of particular governmental units are also classified, and section 22 of article IV prohibits the granting of 'special or exclusive' privileges to individuals. \* \* \* And to the extent that recovery is permitted or denied on an arbitrary basis, a special privilege is granted in violation of section 22 of article IV." (32 Ill.2d 60, 65.) The infirmity of this legislation lies in classifying governmental units as such, without regard to similarity of function.

The judgment of the circuit court of Richland County is reversed, and the cause is remanded, with directions to overrule the county's motion to dismiss.

*Reversed and remanded, with directions.*