(No. 39812.—

EMMA LORTON, Appellant, *vs.* BROWN COUNTY COMMUNITY UNIT SCHOOL DISTRICT No. 1 *et al.,* Appellees.

*Opinion filed September 23, 1966.*

ROBERT E. UTTER, of Mt. Sterling, for appellant.

SCHMIEDESKAMP, JENKINS, ROBERTSON & HOUSE, of Quincy, (R. P. O'CONNELL, of counsel,) for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Emma Lorton, a private kindergarten teacher, slipped and fell upon the floor of a school building in the basement of which the private kindergarten was operated with the knowledge and consent of the board of education of Brown

County Community Unit School District No. 1. This school district operated the public school building in the balance of which a public school apparently was held. She filed a two-count complaint seeking damages for the resulting injuries from the district and its board of education in the amount of $10,000. The first count alleged negligence in the composition and maintenance of the floors, and the second count alleged essentially the same facts and charged wilful and wanton conduct by defendants. Plaintiff further alleged defendants were insured against this type of liability and that no public funds need be expended to pay any judgment for damages. It was also alleged that defendants' agent had been given by plaintiff the information usually furnished in the required six-months notice, and in reliance upon statements by such agents plaintiff failed to seek legal counsel or file written notice of her injury.

A motion to dismiss this complaint was allowed. An amended complaint was then filed alleging in greater detail the acts of defendants' agents upon which plaintiff relied in failing to secure counsel or give timely notice, and adding a third count in which it was alleged that The Home Indemnity Company was defendants' insurer, that its agents caused plaintiff to believe payment of her claim was being considered and that in reliance thereon she refrained from securing legal counsel or giving notice. This count sought a declaratory judgment that the insurer be estopped from asserting failure to file timely notice as a defense to the action. Motions by all defendants to dismiss the amended complaint were allowed and judgment was entered against plaintiff which she now seeks to reverse.

This appeal challenges the validity of the entire act relating to damages recoverable against school districts and nonprofit private schools for injuries occurring as a result of negligence in the conduct of schools (Ill. Rev. Stat. 1963, chap. 122, pars. 821-831,) plaintiff contending that the provisions for notice of injury within six months (pars. 823-

24) and a $10,000 limitation upon recovery (par. 825) are unconstitutional in that both are violative of the prohibition of section 22 of article IV of our constitution against special legislation.

In our opinion plaintiff is in no position to contest the validity of the monetary limitation of the statute, for in neither the original nor the amended complaints does she seek to recover more than the maximum amount recoverable thereunder, and "One of the most firmly established doctrines in the field of constitutional law is that a court will ordinarily inquire into the constitutionality of a statute only to the extent required by the case before it, and will not formulate a rule broader than that necessitated by the precise situation in question". (*Grasse* v. *Dealer's Transport Co.* 412 Ill. 179, 201, *cert. denied Dealer's Transport Co.* v. *Grasse,* 344 U.S. 837, 73 S. Ct. 47, 97 L. Ed. 651; see also *People ex rel. Director of Family Services* v. *Illinois Protestant Children's Home,* 33 Ill.2d 60.) Accordingly we do not reach the question concerning the constitutionality of the $10,000 limitation provision.

Section 3 of the act in question (Ill. Rev. Stat. 1963, chap. 122, par. 823) provides that written notice must be filed with the proper authority within six months from the date of the injury, and section 4 provides that the failure to file such notice requires dismissal of any action filed on account of such injury. Plaintiff maintains that these provisions violate section 22 of article IV of the Illinois constitution, which states in part: "The General Assembly shall not pass local or special laws in any of the following enumerated cases, * * * Granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever," since no such notice requirement exists as to other similar municipal corporations.

In *Harvey* v. *Clyde Park District,* 32 Ill.2d 60, 65, this court, in determining that a statutory provision purporting to immunize Park Districts from liability for negligence of

their agents, employees, *etc.,* violated section 22 of article IV, observed that "Many of the activities that frequently give rise to tort liability are common to all governmental units. * * * From the perspective of the injured party, or from the point of view of ability to insure against liability for negligent operation, there is no reason why one who is injured by a park district truck should be barred from recovery, while one who is injured by a city or village truck is allowed to recover, and one injured by a school district truck is allowed to recover only within a prescribed limit. And to the extent that recovery is permitted or denied on an arbitrary basis, a special privilege is granted in violation of section 22 of article IV."

The court there surveyed the various statutory schemes governing governmental unit tort liability and stated: "If the child involved in the present case had been injured on a slide negligently maintained in a park operated by a city or village there is no legislative impediment to full recovery. If the child had been injured on a slide negligently maintained by a school district, or by the sovereign State, limited recovery is permitted. But if the child had been injured on a slide negligently maintained by a forest preserve district, or, as was actually the case, by a park district, the legislature has barred recovery." 32 Ill.2d at p. 67.

We believe the rationale of *Harvey* is controlling here, for if plaintiff's injury had occurred upon the property of a county, township, or drainage district, her cause of action would not have been barred by failure to file written notice within six months of the injury. If, however, the injury had occurred upon the property of a city or village (Ill. Rev. Stat. 1963, chap. 24, par. 1—4—3), public or private school (Ill. Rev. Stat. 1963, chap. 122, pars. 823, 824), as was actually the case, or the Metropolitan Transit Authority, (Ill. Rev. Stat. 1963, chap. 111⅔, par. 341), the failure to file written notice within 6 months from the date of injury would wholly bar her from recovery. As in *Harvey,* there

is in this pattern "no discernible relationship to the realities of life." (32 Ill.2d at p. 67; see also *Hutchings* v. *Kraject,* 34 Ill.2d 379.) It is interesting to note that the General Assembly, responding to the suggestion in *Harvey,* enacted in 1965 the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1965, chap. 85, pars. 8-101, 8-102, and 8-103,) containing uniform provisions relating to notices of injuries, the effect of failure to secure such notices, and limitations of actions thereon involving "local public entities."

It does not matter that the notice requirement here is procedural in nature, for failure to file completely bars the action. The courts of this State must be open to all those similarly situated upon the same conditions, and where procedures are provided which are applicable to some and not applicable to others under substantially like circumstances and there are no discernible logical reasons apparent for the variations, they must fall as violative of section 22 of article IV of the Illinois constitution, ·(*cf. Gillespie* v. *Pickens County* 197 S.C. 217, 14 S.E.2d 900; *Republic Pictures Corp.* v. *Kappler,* (8th cir.) 151 F.2d 543). We therefore hold that the notice provisions of the act questioned herein are null and of no force and effect. Insofar as *Erford* v. *City of Peoria,* 229 Ill. 546, is contrary to the opinion expressed herein, that decision is overruled.

That the notice provisions are invalid, however, does not necessarily require that the entire act fall. Only where it can be said that the legislature would not have passed the act without including the invalid portions thereof should this court render the entire legislation void. (*People ex rel. Adamowski* v. *Wilson,* 20 Ill.2d 568, 582.) Clearly where, as here, the legislation in question specifically provides for severability should any section of the act be held unconstitutional (Ill. Rev. Stat. 1963, chap. 122, par. 831), this court should not disturb the remaining valid portions of such legislation.

For the foregoing reasons, the judgment of the circuit court of Brown County is reversed and the cause is remanded to that court with directions to deny the motion to dismiss appellant's complaint.

*Reversed and remanded, with directions.*