(No. 42224.—

ETHEL VAN METER, Admx., *et al.*, Appellants, *vs.* MELVA J. STOUT *et al.*, Appellees.

*Opinion filed March 24, 1970.*

JORDAN, AKEMANN & MILES, of Elgin, for appellants.

CARBARY, CARBARY & CHAPSKI, of Elgin, for appellees.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

On January 14, 1969, plaintiffs filed a complaint in the circuit court of Kane County seeking damages for wrongful death and personal injuries arising out of a vehicular accident occurring on May 16, 1968, on U.S. Route 20 near that highway's intersection with Naperville Road, in Cook County. The complaint alleged that the automobile occupied by plaintiffs was struck from the rear by a school bus possessed by defendant Elgin Public School District U-46 and operated by its agent, defendant Melva J. Stout. Defendants filed a motion to dismiss the complaint on the ground that it failed to allege that notice of injury had been served upon defendant school district within six months after the date of the accident in question, as required by statute. The motion incorrectly relied upon section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act, instead of section 8—102 thereof, which actually contains the notice requirements. (Ill. Rev. Stat. 1967, ch. 85, pars. 8—101, 8—102.) The circuit court, after hearing arguments of counsel, entered an order dismissing the complaint with prejudice, noting specifically that plaintiffs had admitted that the required notice had not been given.

Plaintiffs here question the constitutional validity of the statutory requirement expressed in the Local Governmental and Governmental Employees Tort Immunity Act

that, within six months of the injury complained of, written notice must be personally served upon the governmental entity against whom or whose employee an action is contemplated. (Ill. Rev. Stat. 1967, ch. 85, par. 8—102.) Failure to comply with the notice provisions operates as a complete bar to the action. (Ill. Rev. Stat. 1967, ch. 85, par. 8—103.) However, a careful reading of the entire record in the case, including the order appealed from, does not show that the constitutional question sought to be raised here was either presented to or ruled upon by the circuit court. The brief filed by the plaintiffs in that court in opposition to the defendants' motion argues the substantive question of governmental immunity, which of course is not involved in the case, and further points out that in the case of *Lorton* v. *Brown County Community Unit School Dist.,* 35 Ill.2d 362, this court invalidated, as unconstitutional special legislation, an earlier statute requiring that notice be given to a school district within six months of an injury as a necessary condition precedent to the subsequent institution of an action based thereon. (See Ill. Rev. Stat. 1965, ch. 122, pars. 823-825.) The statutory sections ruled upon in *Lorton,* having been declared unconstitutional, were of course not involved in this case. Thus, nowhere in this record does it appear that constitutional attack was made by plaintiffs on the validity of the statute involved, and it is absolutely clear from the order entered dismissing the case that the trial court made no ruling whatsover on any constitutional question.

In *Berk* v. *County of Will,* 34 Ill.2d 588, 590, we observed that "The rule stated in earlier cases by this court is that before this court will take jurisdiction in direct appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question *was urged in the trial court, and ruling thereon must be preserved in the record for review and error assigned upon it. (Saxmann* v. *Allen,* 410 Ill. 31.)"

(Emphasis supplied; see also *Leffler* v. *Browning*, 14 Ill.2d 225, 226.) Since these requirements have not been met, we have no jurisdiction to entertain the constitutional question sought to be interposed, *i.e.* whether section 8—102 and 8—103 of the Local Governmental and Governmental Employees Tort Immunity Act are invalid as special legislation under the Illinois constitution or proscribed as a denial of the equal protection of the laws under the Federal constitution.

For the foregoing reasons, the appeal from the order of the circuit court of Kane County must be, and accordingly is, dismissed.

*Appeal dismissed.*