( No. 42962.—

EDWARD KING, Appellant, *vs.* CLARENCE JOHNSON, Town Commissioner of Highways, *et al.*, Appellees.

*Opinion filed December 4, 1970.*

HANAGAN & DOUSMAN, of Mt. Vernon, for appellant.

JOHN E. JACOBSON, of CRAIG & CRAIG, of Mt. Vernon, for appellees.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiff, Edward King, filed an action for damages for personal injuries occasioned by the alleged negligence of defendants Clarence Johnson, Town Commissioner of the Town of Hickory Hill, Omer J. Long, Superintendent of Highways of Wayne County, and the County of Wayne. Defendants moved to dismiss the cause on the ground that plaintiff failed to comply with the notice requirement of the Local Governmental and Governmental Employees Tort Immunity Act. (Ill. Rev. Stat. 1967, ch. 85, pars. 8—102, 8—103.) Plaintiff challenged the constitutionality of the said notice requirements by a motion to strike, and the circuit court of Wayne County, in dismissing plaintiff's complaint, sustained the statutory provisions.

Plaintiff's direct appeal to this court presents the sole issue of whether the requirement that notice of the accident and claim be given within six months from the date of the injury in actions against local public entities and public employees offends the provisions of the Illinois constitution prohibiting special laws granting corporations and individuals special privileges or immunities. Ill. Const., art. II, sec. 14; art. IV, sec. 22.

The alleged facts are not in dispute on this appeal. On

the night of October 26, 1968, plaintiff was injured when his car hit an unlighted barricade placed across a township road about 50 feet from a bridge under repair, and then struck the metal beam, to which the removed planks of the bridge had been affixed. There were no other warning signs in the area.

On October 6, 1969, plaintiff filed a complaint for damages against defendants alleging that their negligence in connection with the bridge repairs caused plaintiff's injuries. Defendants moved to dismiss and attached to their motion an affidavit of the clerk of Wayne County that no notice of the alleged accident had been personally served within six months of the date of the alleged injury.

Plaintiff argues that the provision of the Illinois constitution prohibiting special privileges and immunities and special laws (Ill. Const., art. IV, sec. 22) bars any differentiation in notice requirements between tort claims against private citizens and those against governmental entities as provided in the Local Governmental and Governmental Employees Tort Immunity Act., Ill. Rev. Stat. 1967, ch. 85, pars. 8—102, 8—103.

The relevant portion of section 8—102 provides: "Within 6 months from the date that the injury or cause of action, referred to in Sections 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment * * * caused the injury, must personally serve in the Office of the Secretary or Clerk, * * * for the entity against whom or against whose employee the action is contemplated a written statement * * * giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident,

and the name and address of the attending physician, if any."

Section 8—103 provides: "If the notice under Section 8—102 is not served, as provided therein, any such civil action commenced against a local public entity, or against any of its employees * * * shall be dismissed and the person to whom such cause of action accrued shall be forever barred from further suing."

In support of his contention that the notice provisions are arbitrary and confer a special privilege in violation of the Illinois constitution, plaintiff relies on *Harvey* v. *Clyde Park Dist.,* 32 Ill.2d 60; *Hutchings* v. *Kraject,* 34 Ill.2d 379; and *Lorton* v. *Brown County School Dist.,* 35 Ill.2d 362. In *Harvey* the court held unconstitutional the law granting complete tort immunity to park districts; in *Hutchings* the court held unconstitutional the law granting complete tort immunity to counties; and in *Lorton* the court held unconstitutional the notice requirement of the law granting school districts limited immunity. However, these cases are distinguishable because in each a privilege or immunity was granted to a particular public entity but not to the whole class of public entities. Here, the notice provisions in section 8—102 and 8—103 apply equally to all those in the same class—local governmental entities and their employees. The issue then becomes whether the classification of public entities is arbitrary, and therefore unconstitutional.

The Illinois constitution prohibits classifications where there are no real and substantial differences between those included and those excluded from the class covered by the law. (*People ex rel. Du Page County* v. *Smith,* 21 Ill.2d 572.) The legislature is primarily responsible for determining classifications and the court will not interfere with the legislative judgment unless it is without rational basis. (*Hanson* v. *Raleigh,* 391 Ill. 536.) The purpose of this statute is to furnish timely notice of injury so that there can be

an investigation and a prompt settlement of meritorious claims. Local public entities, unlike the private or corporate individuals, must determine their budgets in advance for taxing purposes. Knowing within a reasonable length of time the approximate number of claims against them, facilitates this operation. Notice of possible tort claims within six months is reasonably related to the legislative purpose of imposing tort liability on all local governmental entities on a fair and orderly basis.

The separate classification of public entities has also been upheld in other States. The California court in *Dias* v. *Eden Township Hospital Dist.*, 57 Cal.2d 502, 370 P.2d 334, 335, sustained the constitutionality of that requirement, and rejected the argument of arbitrary classification, similar to that interposed by plaintiff here, stating: "The principal purpose of such statutes is to give the public entity timely notice of the nature of claims against it so that it may investigate and settle those of merit without litigation. [Citation.] To the extent that immunity is abrogated the importance of these considerations is increased * * *. Public agencies, generally speaking, afford a proper subject for legislative classification. [Citation.]"

It is our judgment, therefore, that the six-month notice requirement in no way violates the provisions of the Illinois constitution prohibiting special laws and special privileges and immunities. Inasmuch as plaintiff failed to comply with the said notice requirement in this case, the circuit court properly dismissed his complaint for damages. The judgment of the circuit court is affirmed.

*Judgment affirmed.*