CATHERINE CLEARY, Plaintiff-Appellant, *v.* CATHOLIC DIOCESE OF PEORIA, Defendant-Appellee.

(No. 11736;

Fourth District—February 26, 1973.

*Rehearing denied March 23, 1973.*

CRAVEN, P. J., dissenting.

Thomson, Thomson & Mirza, of Bloomington, (James Walker, of counsel,) for appellant.

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, (Ralph Schroeder, of counsel,) for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The trial court dismissed this complaint for personal injuries. Plaintiff elected to stand on her pleadings and the court entered judgment for defendant. Plaintiff's appeal to the Supreme Court was transferred to this court.

■■ The defendant maintains and operates a non-profit private high school. The first count of the complaint undertook to plead negligence by the defendant in permitting snow or ice to accumulate or remain on a certain football bleacher, and that plaintiff, as a patron of the school football program, fell suffering injuries. The second count undertook to plead such circumstances within the terms of products liability as stated in *Suvada*, 32 Ill.2d 612, 210 N.E.2d 182. Plaintiff has filed in this court following submission of the case, a motion which asks that the second count be dismissed with prejudice. The motion is granted.

The defendant filed a motion to dismiss the complaint upon the grounds that the purported allegations of negligence failed to state a cause of action, and that the complaint contained no allegation of notice as required by Ill. Rev. Stat. 1967, ch. 122, pars. 823, and 827.

The injury occurred on November 8, 1968, and the complaint was filed on March 26, 1970. An amended motion to dismiss urged that the complaint showed upon its face that the action was barred by the period of limitations provided in paragraph 822 of such statute.

Paragraph 821 through 831 of chapter 122 were enacted in 1959 as an apparent response to the decision in *Molitor v. Kaneland Com. Unit Dist.*, 18 Ill.2d 11, 163 N.E.2d 89, which held school districts liable for negligence of its employees and abolished the rule of tort immunity for school districts theretofore existing.

The legislation undertook to state public policy with regard to public schools and non-profit private schools conducted by eleemosynary or religious institutions. Paragraphs 823 and 824 required the giving of written notice of claim of injury within six months of the injury and provided that failure to give such notice barred the action. Paragraph 822 required that the civil suit be brought within one year.

Plaintiff did not file any responsive amendment to Count 1 following the motion to dismiss. The motion was heard and the court overruled it as directed to the sufficiency of the allegations of negligence. The court reserved ruling upon the issues of the notice requirement and the period of limitations. Written briefs were submitted.

The written briefs in the trial court are included in the record and are directed entirely to the issue of the constitutionality of the several statutory provisions, in the light of the opinions in *Lorton v. Brown County School Dist.*, 35 Ill.2d 362, 220 N.E.2d 161, and *Haymes v. Catholic Bishop of Chicago*, 41 Ill.2d 336, 243 N.E.2d 203. Such briefs do not refer to the sufficiency of the allegations of negligence, or any other issue.

The plaintiff, in electing to stand upon her pleadings, did not seek to amend the complaint to frame a specific constitutional issue. The written orders of the trial court did not include any findings or specifications of reason for dismissal, or the judgment entered upon the pleadings. Plaintiff's briefs in this court are directed solely to the provisions concerning the notice requirement and the statute of limitations, and urges that they are necessarily unconstitutional in the light of the cited cases and the companion authorities.

■■ Defendant agrees that the constitutional issue was presented to the court, but urges that there is no ruling of record upon the constitutional questions. A comparable problem was considered in *Van Meter v. Stout*, 45 Ill.2d 7, 256 N.E.2d 784. The court there considered the trial court briefs as well as the record, and determined that in that case a constitutional issue was neither presented nor ruled upon below. Here, we find that the only other issue in the trial court was the sufficiency of the allegations to state a cause of action in negligence, and the trial court overruled the motion to dismiss upon such grounds. The remaining issue under the motion was the constitutional issue argued and considered by the court.

The constitutional provision concerned is Art. IV, par. 22 of the Consti-

tution of 1870 and its language forbidding any grant of special privilege or immunity. The issue here was examined in *Harvey v. Clyde Park Dist.*, 32 Ill.2d 60, 203 N.E.2d 573, wherein the Park District asserted statutory immunity. The court examined the several statutes concerning the tort liability of the many local governmental entities and discovered that while such engaged in the same, comparable and similar activities and functions, the statutes were inconsistent or contradictory in that some entities were declared to be immune from liability, the liability of some was limited in dollar amounts, while others were totally liable. The conclusion in *Harvey* was that the statutes did not provide any rational classification of the entities viewed in the light of function and common activity, and that under the statutory pattern the rights of some injured were enlarged as against the rights of others. It was determined that the statutory immunity of the Park District was unconstitutional as a grant of special immunity in violation of the constitutional provision.

In *Lorton v. Brown County School Dist.*, 35 Ill.2d 362, 220 N.E.2d 161, the court limited its consideration of the constitutional issue as to the statutory requirement of notice of claim of injury provided in ch. 122, pars. 823 and 824, and for the reasons and upon the principles and authority of *Harvey*, determined that the statute was in violation of the constitutional requirements. The court noted that the pleadings did not raise any other issues under the statutes and expressly refused to invalidate the other provisions of ch. 122, par. 821, *et seq.*

In *Treece v. Shawnee Com. School Dist.*, 39 Ill.2d 136, 233 N.E.2d 549, an issue was the constitutionality of Ill. Rev. Stat. 1965, ch. 122, par. 825A, which limited the tort liability of public school districts to $10,000. Such provision was held unconstitutional for the reasons and upon the authority of *Harvey* and *Lorton*. In *Haymes v. Catholic Bishop of Chicago*, 41 Ill.2d 336, 243 N.E.2d 203, the issue was limited to the constitutionality of Ill. Rev. Stat. 1965, ch. 122, par. 825B, which limited damages for personal injuries against private, nonprofit schools. The court noted that after the decision in *Treece* declared unconstitutional the damage limits applicable to public schools:

> "[I]t would be erratic judicial law making, in derogation of the legislative intent, to sustain only the damage limitations applicable to nonprofit private schools. Such a result could certainly create an arbitrary classification among students whereby those attending public schools could recover the full measure of their damages resulting from the school's negligence, but those attending nonprofit private schools would be entitled only to a limited recovery."

The Legislature has adopted the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Rev. Stat. 1965, ch. 85,

par. 8—101), which provides a statute of limitations of one year as to actions for personal injuries against school districts, and other entities of local government. Such provision was held to be constitutional in *Fanio v. John W. Breslin Co.*, 51 Ill.2d 366, 282 N.E.2d 443. Such act further provides that notice of claim of injury must be made within six months as had been provided in *Harvey* and *Lorton*. Such provisions have been held constitutional. *King v. Johnson*, 47 Ill.2d 247, 265 N.E.2d 874 and *Housewright v. City of LaHarpe*, 51 Ill.2d 357, 282 N.E.2d 437.

In the several cases constituting judicial review of ch. 122, par. 821 *et seq.*, there has been no judicial determination that par. 822 was unconstitutional. It provides the same period of limitations as found in ch. 85, par. 8—101, and held constitutional in *Fanio*.

■■■ The decisions reviewed make it clear that it is the totality of conditions and circumstances under which the statute is applied which determines its constitutionality, *i.e.*, in *Lorton* the requirement of six months notice was unconstitutional when applied without a rational basis of classification, but it was held constitutional when applied under a proper classification as in *King v. Johnson*.

The legislative policy expressed in ch. 122, par. 821, clearly links public schools and nonprofit private schools operated by *bona fide* eleemosynary or religious institutions in a classification of function and activity. The language in *Haymes* supports the conclusion that the Supreme Court considered such a proper classification when it said:

> "The damage limitation of $10,000 for tort actions against public schools under section 825, subd. A., and against nonprofit private schools under section 825, subd. B is purely arbitrary as compared with the liability of other governmental units and institutions."

■■ Common observation of the operation and activities of public and the described private schools leads to a conclusion that their functions and activities may be joined as a classification. Plaintiff has contended that nonprofit private schools should be placed within the category of individuals or corporations for purposes of the statute of limitations. To so hold would bring us again to arbitrary classification as noted in *Haymes* between those dealing with public schools and those dealing with nonprofit private schools in disregard to the test and function of activity stated in *Harvey*.

■■■ The constitutionality of a statute of limitations of one year is to be examined in the light that the Legislature has established a classification and that the court will not interfere unless such classification is without a rational basis. (*King v. Johnson*, 47 Ill.2d 247, 265 N.E.2d 874.) The function and activities of public schools and nonprofit private schools are so essentially similar as to constitute a rational classification

under the test of *Harvey v. Clyde Park Dist.* Under the existing statutory scheme there is the same legal remedy for all who are similarly situated. *Lorton v. Brown County School Dist.*, 35 Ill.2d 362, 220 N.E.2d 161.

In *Delany v. Badame*, 49 Ill.2d 168, 274 N.E.2d 353, the court said that it would be presumed that the Legislature acted conscientiously and that its judgment would stand unless clearly arbitrary and unreasonable.

The judgment of the Circuit Court is affirmed.

Affirmed.

SMITH, J., concurs.

Mr. PRESIDING JUSTICE CRAVEN dissenting:

The thrust of the majority opinion is to hold an invalid classification valid by reason of subsequent legislative acts. The majority concludes that the total legislative package results in a reasonable classification. I am not persuaded by that reasoning. The cited cases of *Lorton, Harvey* and *Haymes* would indicate a different result. Accordingly, I dissent.