(No. 45832.

CATHERINE CLEARY, Appellant, v. CATHOLIC DIO-CESE OF PEORIA, Appellee.

*Opinion filed May 20, 1974.—Rehearing denied June 28, 1974.*

Jerome Mirza and Associates, Ltd., of Bloomington (James Walker, of counsel), for appellant.

Livingston, Barger, Brandt, Slater and Schroeder, of Bloomington (Ralph Schroeder, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, Catherine Cleary, brought this action against the defendant, the Catholic Diocese of Peoria, to recover damages for personal injuries alleged to have been sustained when she fell on snow and ice which the defendant had negligently allowed to accumulate or remain on the bleachers of a Catholic high school football field. The injury was alleged to have taken place on November 8, 1968; the plaintiff's action was commenced on March 26, 1970. It was not alleged that the defendant had been given any notice of the accident.

The circuit court of McLean County dismissed the complaint on the ground that it was barred by sections 2, 3 and 4 of the act concerning the tort liability of school districts and private schools (the School Tort Liability Act), which required that notice be given within six months of the date of an injury, directed that an action for personal injury be dismissed unless the required notice has been given, and required that such an action be commenced within one year of the injury. (Ill. Rev. Stat. 1967,

ch. 122, pars. 822-24.) The appellate court affirmed, one judge dissenting (10 Ill. App. 3d 224), and we allowed leave to appeal.

After local governmental immunity from tort liability was abolished in 1959 (see *Molitor v. Kaneland Community Unit Dist. No. 302* (1959), 18 Ill.2d 11), the General Assembly enacted a number of statutes dealing with tort actions against various governmental units. Some of those statutes granted total immunity, others limited the amount recoverable, and some contained their own individual notice and limitation provisions. Some of these statutes, which have been characterized as an "unconstitutional maze of arbitrary post-*Molitor* legislation" (*Haymes v. Catholic Bishop of Chicago* (1968), 41 Ill.2d 336, 343), were described in *Harvey v. Clyde Park Dist.* (1964), 32 Ill.2d 60, 62-64. The *Harvey* case directly involved the validity of the statute governing the tort liability of park districts, but it was followed by other decisions which invalidated the specific provisions of other statutes relating to particular units of local government. See *Hutchings v. Kraject* (1966), 34 Ill.2d 379.

Among the statutes enacted in the wake of the *Molitor* case was the School Tort Liability Act, sections 2, 3, and 4 of which contain the limitation period and notice requirement involved in this case. The validity of the notice requirement came before the court in *Lorton v. Brown County Community Unit School Dist. No. 1* (1966), 35 Ill.2d 362, and it was held invalid because a similar requirement was not applicable to all units of local government. Specifically, the court pointed out that "if plaintiff's injury had occurred upon the property of a county, township or drainage district, her cause of action would not have been barred by failure to file written notice within six months of the injury." (35 Ill.2d at 365.) The provisions of the School Tort Liability Act which limited to $10,000 the amount of damages recoverable against public school districts (Ill. Rev. Stat. 1967, ch.

122, par. 825A; *Treece v. Shawnee Community Unit School Dist. No. 84* (1968), 39 Ill.2d 136), and private nonprofit schools (Ill. Rev. Stat. 1967, ch. 122, par. 825B; *Haymes v. Catholic Bishop of Chicago* (1968), 41 Ill.2d 336), were also subsequently invalidated.

The discrepancies among units of local government which invalidated the notice provision in the *Lorton* case no longer exist, since the General Assembly has enacted the Local Governmental and Governmental Employees Tort Immunity Act, which established a uniform limitation period and notice requirement applicable to tort actions against all "local public entities." (Ill. Rev. Stat. 1967, ch. 85, pars. 8—101 through 8—103.) The validity of these provisions, based as they are upon a classification that includes all units of local government, has been sustained. *King v. Johnson* (1970), 47 Ill.2d 247; *Fanio v. John W. Breslin Co.* (1972), 51 Ill.2d 366; see also *Housewright v. City of LaHarpe* (1972), 51 Ill.2d 357.

In its opinion in this case, the majority of the appellate court pointed out that the similarity of the activities of public and nonprofit private schools "leads to a conclusion that their functions and activities may be joined as a classification." (10 Ill. App. 3d at 228.) We agree that such a functional classification would be a rational one, as indeed our opinion in the *Harvey* case suggested. But because a particular classification, if legislatively adopted, would be sustained, it does not follow that the legislature is required to adopt that classification.

The majority of the appellate court also emphasized that the limitation period contained in section 2 of the School Tort Liability Act (Ill. Rev. Stat. 1973, ch. 122, par. 822) has never been specifically invalidated, although the notice requirement was held invalid in the *Lorton* case as it applied to public school districts.

In our opinion the notice and limitation provisions can not fairly be applied in this case, even though they have never been specifically invalidated as to nonprofit

388

private schools. A similar result has been rejected as "erratic judicial law making, in derogation of the legislative intent." (*Haymes v. Catholic Bishop of Chicago* (1968), 41 Ill.2d 336, 344.) And such a result would, of course, raise new constitutional problems, for the Local Governmental and Governmental Employees Tort Immunity Act now contains a one-year notice requirement and a two-year statute of limitation (Ill. Rev. Stat. 1973, ch. 85, pars. 8—101, 8—102), as opposed to the six-month and one-year requirements of the School Tort Liability Act. We conclude, therefore, that the notice and limitation provisions of the School Tort Liability Act are invalid as to both public and nonprofit private schools.

The judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court for further proceedings.

*Reversed and remanded.*