GARY DEAN COONEY, Plaintiff-Appellant, *v.* SOCIETY OF MT. CARMEL *et al.*, Defendants-Appellees.

First District (4th Division) No. 77-760

Opinion filed June 1, 1978.

James J. Reidy, of Chicago (Maureen J. McGann, of counsel), for appellant.

Purcell & Wardrope, of Chicago (Sidney Z. Karasik, of counsel), for appellees.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

The plaintiff, Gary Cooney, filed a two-count complaint against the defendants, Society of Mt. Carmel, Edward Gunkel, and Thomas Meyers, alleging negligence in one count and willful and wanton misconduct on the part of the defendants in the second count. The trial

court dismissed both counts and the plaintiff herein appeals from the order dismissing count II.

In 1969, plaintiff Cooney was a 13-year-old student at Mt. Carmel High School in Chicago, a Roman Catholic high school owned and operated by defendant Society of Mt. Carmel. The complaint was filed on November 28, 1975, after plaintiff had reached majority and alleged that defendants Gunkel and Meyers, physical education instructors, were negligent in refusing to excuse plaintiff from certain physical education classes, and, in count II, that defendants Gunkel and Meyers exhibited willful and wanton misconduct that proximately caused injury to the plaintiff.

Defendants moved to strike count I on the ground that negligence actions against school officials were barred by the Illinois School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—24). Defendants then moved to strike count II of the complaint on the ground that plaintiff had failed to file the requisite notice under the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 8—102).

After the filing of supportive memoranda and oral argument, the trial court dismissed both counts. The plaintiff appeals from the dismissal of count II striking the claim for failure to comply with the notice requirement of the statute in question.

Therefore, the sole issue raised upon review is whether the notice requirement of the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter referred to as Tort Immunity Act) (Ill. Rev. Stat. 1975, ch. 85, par. 8—102) is applicable to private, parochial schools.

Plaintiff argues that the statute's lengthy enumeration of the governmental units covered by the Act does not mention private schools, and, therefore, there can be no inference of a legislative intent to so provide.

We agree.

The Tort Immunity Act extends certain protections to local public entities. Section 1—206 defines these public entities as follows:

" 'Local public entity' includes a county, township, municipality, municipal corporation, school district, school board, forest preserve district, park district, fire protection district, sanitary district, and all other local governmental bodies. It does not include the State or any office, officer, department, division, bureau, board, commission, university or similar agency of the State." Ill. Rev. Stat. 1975, ch. 85, par. 1—206.

In reaching this decision, it is useful to note some of the history behind the concept of governmental tort immunity. The concept of governmental immunity is a carry-over from the common law and the monarchial era's sovereign immunity, wherein monarchs were presumed

incapable of doing wrong. Illinois first granted tort immunity in the 19th century to towns, counties, and school districts. (*Kinnare v. City of Chicago* (1898), 171 Ill. 332, 49 N.E. 536; *Town of Waltham v. Kemper* (1870), 55 Ill. 346.) However, the Illinois Supreme Court recently rejected the whole notion of sovereign governmental immunities and abolished the immunities previously granted, setting off a flurry of legislative activity to restore them to some degree. *Walker v. Forest Preserve District* (1963), 27 Ill. 2d 538, 190 N.E.2d 296; *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 163 N.E.2d 89.

Prior to the enactment of the Tort Immunity Act, attempts to immunize selected entities against varying degrees of tort liability met with little success under judicial scrutiny—the court finding no rationale for the variance among the statutory classifications of governmental units. *Hutchings v. Kraject* (1966), 34 Ill. 2d 379, 215 N.E.2d 274; *Harvey v. Clyde Park District* (1964), 32 Ill. 2d 60, 203 N.E.2d 573.

In our examination of the range of legislation and the case law on the subject, one thing is clear—the statutory language in all the legislation involved is the clear and unequivocal intent of the legislature to immunize specifically named governmental units against tort liability.

■■ The appellees cite extensive case authority for the proposition that the court's interpretation of the School Code favors equal treatment with respect to tort liability among public and private schools. This is true, but these cases do not address themselves to the issue before us in the case at bar. In *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, the court found that the provisions of the Tort Immunity Act were inapplicable to actions arising under the School Code. The court noted:

> "The Tort Immunity Act, in pertinent part, provides a *local public entity* with immunity from liability for injuries occurring in the use of public property. * * * *The immunity conferred upon educators by sections 24—24 and 34—84a, however, is not derived from the Tort Immunity Act, but is the result of a legislative determination* that educators should stand in the place of a parent or guardian in matters relating to discipline, the conduct of the schools and the school children." (Emphasis added.) (*Kobylanski*, at 174.)

Section 8—102 of the Tort Immunity Act requires plaintiffs to give 1-year notice to local public entities of their intent to bring suit. (Ill. Rev. Stat. 1975, ch. 85, par. 8—102.) Cooney's complaint was dismissed for failure to comply with this provision. We find that the Act has no application here. In its definition of local public entities, private schools are not included and we find no basis to interpret the statute otherwise. "In construing a statute, it is to be presumed that the legislature intended the words to

have their ordinary meaning unless a statutory definition indicates a contrary intention. [Citations.]" *(Peterson v. Board of Trustees* (1971), 5 Ill. App. 3d 180, 183, 281 N.E.2d 368, 371.) We find no legislative intent to extend the provisions of that Act to private entities.

For the foregoing reasons, the judgment of the circuit court is reversed and the cause remanded for trial on the merits.

Reversed and remanded.

DIERINGER and ROMITI, JJ., concur.