(No. 50992.

GARY DEAN COONEY, Appellee, v. SOCIETY OF MT. CARMEL *et al.*—(Society of Mt. Carmel, Appellant.)

*Opinion filed April 3, 1979.*

Purcell & Wardrope Chartered, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

James J. Reidy, Ltd., of Chicago (Maureen J. McGann, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

The issue here is whether the notice requirement of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 8–102) is applicable to private schools.

In 1969 plaintiff, Gary Dean Cooney, was a 13-year-old student at Mt. Carmel High School in Chicago, a private, Roman Catholic school owned and operated by

defendant Society of Mt. Carmel (Society). On November 28, 1975, after plaintiff had reached his majority, he filed a two-count complaint in the circuit court of Cook County against the Society and two physical education instructors employed by it. Count I alleged that in February 1969 the two instructors were negligent in refusing to excuse plaintiff from certain physical education classes. Count II charged that the instructors exhibited wilful and wanton misconduct that proximately caused injury to plaintiff.

The Society moved to dismiss count I on the ground that the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—24) barred negligence actions against private schools. The trial court granted the motion, and no appeal was taken from that order. The Society also moved to dismiss count II on the ground that the Local Governmental and Governmental Employees Tort Immunity Act applies to private schools and that plaintiff had failed to serve the school with a presuit notice of injury as required by that act (Ill. Rev. Stat. 1975, ch. 85, par. 8—102). The trial court granted the motion to dismiss count II. The appellate court reversed, holding that the General Assembly did not intend that the Local Governmental and Governmental Employees Tort Immunity Act should apply to private schools. (61 Ill. App. 3d 108.) We granted the Society's petition for leave to appeal (65 Ill. 2d R. 315).

We agree with the appellate court. Plaintiff's failure to comply with the presuit notice provisions of the Act therefore does not bar his action against a private, parochial school.

The Local Governmental and Governmental Employees Tort Immunity Act applies to any "local public entity" as that phrase is used in the statute:

> " 'Local public entity' includes a county, township, municipality, municipal corporation, school district, school board, forest preserve district, park district, fire

protection district, sanitary district, and all other local governmental bodies." (Ill. Rev. Stat. 1975, ch. 85, par. 1—206.)

Absent is any express inclusion of private schools. The full title of the Act, the Local Governmental and Governmental Employees Tort Immunity Act, gives no indication that the liability of private schools is included in the subject matter of the Act or connected with it. (See *People ex rel. Ogilvie v. Lewis* (1971), 49 Ill. 2d 476, 487.) To the contrary, the use of the word "Governmental" suggests that private entities are not within the Act's provisions.

Consideration of the Act's objectives also convinces us that it was not the legislature's intent that the Act should apply to private schools. It was enacted to restore, in a constitutionally permissible manner and to the specified degree, the principle of local governmental immunity rejected by this court in *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11. (See *Cleary v. Catholic Diocese* (1974), 57 Ill. 2d 384, 386-87; Note, *Illinois School Tort Immunity: 1959 to the Present,* 2 Loy. Chi. L.J. 131, 142-43 (1971).) That is a purpose to which the liability of private schools bears no relation.

We reject the Society's contention that the presence of both the term "school board" and the term "school district" indicates that the Act draws a distinction between private and public schools, respectively, and is therefore applicable to both. The terms are contained in a list which concludes with the phrase "all other local *governmental* bodies" (emphasis added) (Ill. Rev. Stat. 1975, ch. 85, par. 1—206), an indication that both terms refer to public schools. Nor is the inclusion of both terms superfluous (see *People ex rel. Barrett v. Barrett* (1964), 31 Ill. 2d 360, 364-65), since the term "school district" refers to a geographical area and the term "school board" refers to a group of persons (Black's Law Dictionary 1512 (4th ed. 1968).

In sum, a review of the statutory language and purpose of the Local Governmental and Governmental Employees Tort Immunity Act clearly indicates that it does not apply to private, parochial schools. While private schools serve the public good by educating children, the performance of that beneficial function does not transform such schools from private into public entities.

In support of its argument that private schools are entitled to the same presuit notice as are public schools, the Society cites *Harvey v. Clyde Park District* (1964), 32 Ill. 2d 60. That case is inapplicable since it was concerned with disparities in the statutory treatment of public entities performing the same function. It did not focus on variations in the statutory treatment of public and private entities. *Lorton v. Brown County Community Unit School District No. 1* (1966), 35 Ill. 2d 362, and *Treece v. Shawnee Community Unit School District No. 84* (1968), 39 Ill. 2d 136, which relied on the rationale in *Harvey,* are similarly inapplicable. They struck down limitations on the tort liability of public schools which were not made applicable to other public entities.

The Society has also placed extensive reliance on cases which have held that the tort liability provisions of the School Code (Ill. Rev. Stat. 1975, ch. 122, pars. 821 through 831) must be applied equally to public and private schools under the terms of that statute (*Haymes v. Catholic Bishop* (1968), 41 Ill. 2d 336, 344; *Cleary v. Catholic Diocese* (1974), 57 Ill. 2d 384, 388). The Local Governmental and Governmental Employees Tort Immunity Act and the tort liability provisions of the School Code, however, are two independent enactments. It does not follow that public and private schools must be treated identically under all statutes merely because the tort liability provisions of the School Code cover both public and private schools and because this court has held that the School Code requires equal treatment of public and

private schools under the terms of that statute. While recognizing that public and private schools may sometimes be classified together in light of the similarity of their functions and activities, this court has also noted that it does not follow that the legislature is required to adopt that classification in the Local Governmental and Governmental Employees Tort Immunity Act (*Cleary v. Catholic Diocese* (1974), 57 Ill. 2d 384, 387). We have already determined that the General Assembly did not include private schools within the provisions of the Act.

The conclusion that private schools are not covered by the Local Governmental and Governmental Employees Tort Immunity Act and therefore are not entitled to the same presuit notice as are public schools does not contravene the equal protection clauses of either the Illinois or the United States constitutions, since there is a reasonable basis for the difference in treatment which bears a rational relationship to a legitimate State purpose (*Fujimura v. Chicago Transit Authority* (1977), 67 Ill. 2d 506, 512; *Pozner v. Mauck* (1978), 73 Ill. 2d 250, 255). This court has on several occasions sustained the presuit notice provision contained in the Local Governmental and Governmental Employees Tort Immunity Act against attack on the ground that it creates an unconstitutional classification (*Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 293; *Fanio v. John W. Breslin Co.* (1972), 51 Ill. 2d 366, 368; *Housewright v. City of LaHarpe* (1972), 51 Ill. 2d 357, 361). As this court said in *King v. Johnson* (1970), 47 Ill. 2d 247, 250-51: "The purpose of this statute is to furnish timely notice of injury so that there can be an investigation and a prompt settlement of meritorious claims. *** Notice of possible tort claims [within the statutorily prescribed period] is reasonably related to the legislative purpose of imposing tort liability on all local governmental entities on a fair and orderly basis."

In sum, the Local Governmental and Governmental Employees Tort Immunity Act is inapplicable to private schools, and our cases do not require equal treatment of public and private schools beyond the application of the tort liability provisions of the School Code. The General Assembly is free to treat public schools differently from private schools by including only public schools in the provisions of the Local Governmental and Governmental Employees Tort Immunity Act.

For the reasons stated, plaintiff's action against the Society was not barred by his failure to provide the presuit notice of injury that the Local Governmental and Governmental Employees Tort Immunity Act makes applicable to public schools. The judgment of the appellate court is accordingly affirmed.

*Judgment affirmed.*